UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| TNL ENTERPRISES, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. 7:12-CV-497 |
| | § | |
| ONEWEST BANK, FSB, | § | |
| | § | |
| Defendant. | § | |

## OPINION AND ORDER

Pending before the Court is OneWest Bank, FSB's ("Defendant") motion to dismiss.[1] TNL Enterprises, LLC ("Plaintiff") did not respond. After considering the motion, record and relevant authorities, the Court **GRANTS** the motion.

On November 5, 2012, Plaintiff filed the self-styled "Plaintiff's Application for Temporary Restraining Order, Temporary Injunction and Permanent Injunction."[2] On December 4, 2012, Defendant removed this case asserting that this Court has jurisdiction pursuant to 28 U.S.C. § 1332.[3]

The Court begins by noting that the complaint does not specify the address of the relevant property. The complaint mentions a four-unit property,[4] but the attached "Preview Inspection Report" covers two four-unit properties located at 1602 and 1603 Omni Avenue in Pharr, Texas.[5] Defendant's notice of removal references both properties. But, inexplicably, Defendant only attached appraisal district documents to the notice of removal for 1602 W Omni Avenue and also

---

[1] Dkt. No. 5.
[2] Dkt. No. 1-1.
[3] Dkt. No. 1.
[4] Dkt. No. 1-1 at p. 6.
[5] Dkt. No. 1-1 at pp. 11-15.

omitted one page of the "Preview Inspection Report." Furthermore, the attached notices of foreclosure sale[6] reference only Lot One Hundred and One (101) and have footers containing the 1602 W Omni Avenue address. The appraisal district documents identify Lot 101 as the 1602 W Omni Avenue property.[7] Finally, the complaint refers to a single property throughout. Therefore, the Court cannot determine whether this case only deals with the property located at 1602 W Omni Avenue in Pharr, Texas, or includes the 1603 property.

Although the scope of the litigation is questionable, the removal was facially valid. The property at 1602 W Omni Avenue alone appraised for over $200,000.[8] Because Plaintiff seeks to permanently enjoin Defendant from foreclosing on the property, the Court considers the entire value of the property in its amount in controversy calculation. Therefore, the amount in controversy far exceeds the $75,000 requirement. Furthermore, the parties are completely diverse. The Court notes that Plaintiff has not challenged the validity of removal. Therefore, the Court finds that it has subject matter jurisdiction.

Turning to the motion to dismiss, Defendant asserts that Plaintiff has failed to state a claim pursuant to Federal Rule of Civil Procedure 12.[9] Specifically, Defendant states: "Plaintiff's suit must be dismissed because his (sic) request for injunctive relief without any stated affirmative claims or allegations of wrongdoing against Defendant[] is insufficient to support a suit."[10]

---

[6] Dkt. No. 1-1 at pp. 16-17.
[7] Dkt. No. 1-1 at p. 34.
[8] *Id*.
[9] Dkt. No. 5.
[10] *Id*.

The Court will now determine whether the original complaint states a claim.  In the complaint, Plaintiff states that "[t]he nature of the lawsuit is implied warranty of habitability."[11]  Additionally, Plaintiff seeks injunctive relief.[12]

Although Texas recognizes a cause of action for *breach* of an implied warranty of habitability[13] and Plaintiff asserts that "[n]umerous deficiencies exist regarding habitability[,]"[14] Plaintiff's complaint is devoid of factual allegations suggesting that Defendant committed any such breach.  To be clear, the only allegation regarding Defendant in the "Facts" section of the complaint is that Defendant is attempting to foreclose on the property.[15]  That is grossly insufficient to state a claim against Defendant for the breach of an implied warranty of habitability.  Therefore, the Court **DISMISSES** Plaintiff's claim that is based on the implied warranty of habitability.

Plaintiff also requests injunctive relief.  Crucially, "[a]n injunction is an equitable remedy, not a cause of action."[16]  Here, Plaintiff has failed to assert a single cause of action against Defendant.  Therefore, there is no legal basis for the Court to enjoin Defendant in this case.  The Court **DISMISSES** Plaintiff's request for injunctive relief.

---

[11] Dkt. No. 1-1 at p. 6.
[12] Dkt. No. 1-1 at pp. 6-8.
[13] *See* Centex Homes v. Buecher, 95 S.W.3d 266 (Tex. 2002).
[14] Dkt. No. 1-1 at p. 6.
[15] *Id*.
[16] Brittingham v. Ayala, 995 S.W.2d 199, 201 (Tex. App.—San Antonio 1999, pet. denied).

After considering the motion, record, and relevant authorities, the Court **GRANTS** Defendant's motion to dismiss. Therefore, the Court **DISMISSES** this case with prejudice to refiling.

IT IS SO ORDERED.

DONE this 7th day of January, 2013, in McAllen, Texas.

_____
Micaela Alvarez
UNITED STATES DISTRICT JUDGE